UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE AVALOS ROQUE,

Petitioner,

v.

M. WOFFORD, WARDEN OF MESA
VERDE DETENTION FACILITY, *et al*.,

Respondents.

Case No.   1:26-cv-04070 (EJD)

**ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
AND DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. Nos. 1, 2. For the reasons explained below, the Court DENIES the motion and dismisses the petition for writ of habeas corpus without prejudice.

**I.      BACKGROUND**

Petitioner is a citizen of Mexico who first entered the United States several decades ago. *See* Dkt. No. 1 at 1. He was ordered removed by and Immigration Judge ("IJ") to Mexico on February 20, 1998, and was successfully removed from the United States that day. Dkt. No. 6-1 at 3. Petitioner re-entered the United States without inspection on March 15, 1998 and has lived in the United States continuously since. Dkt. No. 1 at 1; *see* Dkt. No. 6-1 at 3. Based on the record before the Court, it appears Petitioner did not have any interaction with immigration authorities between the time of his re-entry in 1998 and his recent detention.

Records submitted by Respondents demonstrate that, since his re-entry, Petitioner has been convicted of several crimes, some of which resulted in jail time. Between 2018 and 2024 he was convicted for a hit and run causing property damage, driving under the influence, and battery of a spouse. Dkt. No. 6-1 at 2.

Case No.: 1:26-cv-04070-EJD

1

Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on November 12, 2025 following his most recent incarceration in Stanislaus County Jail. *Id*. He was given a bond hearing on November 25, 2025, however, the IJ denied bond finding that it had "no jurisdiction" to order such relief. Dkt. 1 at 2.

Following his detention, the Department of Homeland Security ("DHS") processed Petitioner for reinstatement of his prior order of removal entered on February 20, 1998. Dkt. No. 6-2 at 1. He was subsequently interviewed by an asylum officer who determined that Petitioner did not have a reasonable fear of persecution if returned to Mexico. Dkt. No. 6-3 at 1–2. Shortly thereafter, an IJ vacated the officer's findings and placed Petitioner in "withholding-only" proceedings pursuant to 8 C.F.R. § 1208.31(g)(2). Dkt. No. 6-4 at 1. Based on records submitted by Respondents, Petitioner has been scheduled for several "withholding-only" hearings before an IJ, but a hearing has not been held yet. *Id*. at 6–9.

Petitioner filed the instant petition for writ of habeas corpus seeking release, or a substantive bond hearing in the alternative. Dkt. No. 1 at 6; Dkt. No. 7 at 5. In the petition, he argues that his detention is controlled by 8 U.S.C. § 1226(a), which is a statute that applies to noncitizens currently in removal proceedings, with no final order of removal in place. Dkt. No. 1 at 5–6; 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained *pending a decision on whether the alien is to be removed* from the United States.") (emphasis added). The petition does not contain any facts concerning Petitioner's prior order of removal or his withholding-only proceedings.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Case No.: 1:26-cv-04070-EJD

Constitution or federal law.  28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Respondents make three arguments in opposing the petition and motion for a temporary restraining order: (1) 8 U.S.C. § 1252(g) divests this court of jurisdiction over Petitioner's claims; (2) Petitioner is properly detained under 8 U.S.C. § 1231; and, (3) Petitioner's now seven-month detention has not become unconstitutionally prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his detention has a finite end date—i.e., conclusion of his withholding-only proceedings. Though the Court agrees that Petitioner's detention is governed by § 1231, the Court rejects Respondents' arguments that it lacks jurisdiction to review Petitioner's due process claim.

### A.   Jurisdiction

Under 8 U.S.C. § 1252(g), a court may not "hear any cause or claim by … any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Section 1252(g) does not bar the court from considering Petitioner's claims with respect to the lawfulness of his detention. "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) (quoting *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)). Petitioner does not challenge his final order of removal, or seek to enjoin Respondents from removing him; he asks this to Court to evaluate whether his continued detention is lawful. This form of relief is not barred by § 1252(g). *See, e.g.*, *Marin v. Warden of the Golden State Annex*, No. 1:26-CV-04316 (VC), 2026 WL 1871026, at *3 (E.D. Cal. June 29, 2026); *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274 (NW), 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026); *Enamorado v. Kaiser*,

Case No.: 1:26-cv-04070-EJD

United States District Court
Eastern District of California

No. 25-CV-04072-NW, 2025 WL 4109736, at *4 (N.D. Cal. Nov. 3, 2025); *Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB (HC), 2025 WL 2855193, at *2–4 (E.D. Cal. Oct. 8, 2025).

### B.    Detention Authority

The Supreme Court in *Johnson v. Guzman Chavez* held that "that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal" "who were removed from the United States but later reentered without authorization[,]" like the Petitioner here. 594 U.S. 523, 526 (2021). Non-citizens detained under § 1231 "are not entitled to a bond hearing while they pursue withholding of removal." *Id*.

Petitioner does not challenge the fact that he was ordered removed, subsequently re-entered, and is now in proceedings concerning the withholding of his removal, just as the non-citizen in *Guzman Chavez* was. Rather, he contends that despite these similarities, his detention under 8 U.S.C. § 1231 is unlawful because his "placement into withholding-only proceedings was [not] procedurally sound." Dkt. No. 7 at 2.

Petitioner's argument is unpersuasive. He has presented no evidence in support of this contention, nor does his habeas petition contain any allegations concerning his reinstated order of removal and placement in withholding proceedings. Further, it is unclear on this record whether the Court would have jurisdiction to entertain such an argument. Based on this record, and following *Guzman Chavez*, Petitioner's detention is governed by § 1231.

### C.    Due Process

Once a final order of removal is in place, ICE may detain a noncitizen for up to 90-days in order to execute his removal. 8 U.S.C. § 1231(a)(2). Section 1231(a)(6), however, authorizes ICE to continue detention of noncitizens after the expiration of the removal period. 8 U.S.C. § 1231(a)(6). Although there is no statutory time limit on detention pursuant to § 1231(a)(6), the Supreme Court held in *Zadvydas* that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.

Case No.: 1:26-cv-04070-EJD

United States District Court
Eastern District of California

The "presumptively reasonable" period for detention following a removal order is six months. *Id*. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. Respondents argue that, though Petitioner has now been detained beyond the six-month "presumptively reasonable period of detention" set in *Zadvydas*, he is not entitled to a bond hearing because he cannot show that "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701 (2001); *see* Dkt. No. 6 at 4.

The Court finds that Petitioner has not met his burden of demonstrating "that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id*. at 701. The habeas petition does not contain any facts about the likelihood of his removal or the status of Petitioner's withholding-only proceedings, generally. Indeed, it does not even mention that Petitioner has a final order of removal in place. Rather, the petition is entirely premised on the notion that Petitioner's detention is controlled by § 1226(a)—an argument which, as the Court explained above, is wrong. Under these facts, the Court cannot find that Petitioner is entitled to relief on his petition. *See Villalobos v. Warden, California City Det. Facility*, No. 1:26-CV-2719-DJC-JDP, 2026 WL 1983931, at *3 (E.D. Cal. July 9, 2026), *report and recommendation adopted*, No. 1:26-CV-2719-DJC-JDP, 2026 WL 2079096 (E.D. Cal. July 17, 2026) (denying petition where Petitioner did not provide any evidence to sustain his burden); *Ivanov v. Rivas*, No. CV-25-04160-PHX-SHD (ASB), 2026 WL 803128 (D. Ariz. Feb. 20, 2026), *report and recommendation adopted*, No. CV-25-04160-PHX-SHD (ASB), 2026 WL 801216 (D. Ariz. Mar. 23, 2026) (same); *Hernandez Lagos v. DHS*, No. 5:26-CV-00742-JFW-JDE, 2026 WL 895994, at *2 (C.D. Cal. Mar. 31, 2026).

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's Motion for a Temporary Restraining Order is

Case No.: 1:26-cv-04070-EJD

5

DENIED, and the Petition for Writ of Habeas Corpus is DISMISSED without prejudice to refiling at a later date. The clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 27, 2026

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

Case No.: 1:26-cv-04070-EJD

6